NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2811
_____

JOSEPH COZZA,
on behalf of Filomena Cozza,

Appellant

v.

STATE FARM FIRE AND CASUALTY COMPANY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-09-cv-02380)
District Judge:  Honorable Legrome D. Davis
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 15, 2011

Before:  SLOVITER, FUENTES and FISHER, *Circuit Judges*.

(Filed:  July 28, 2011 )
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Joseph Cozza, on behalf of Filomena Cozza, (collectively "Cozza") appeals an

order of the District Court granting summary judgment in favor of Appellee, State Farm

Fire and Casualty Insurance Company ("State Farm") on claims arising from the denial of an insurance claim. For the reasons set forth below, we will affirm.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we set forth only those facts necessary to our analysis.

This case arises out of State Farm's denial of a claim for coverage made by Cozza. State Farm issued Filomena Cozza an "all risk" homeowners' insurance policy, which covered her residence in Philadelphia but contained a subsurface water damage exclusion. On April 16, 2008, Joseph Cozza filed an insurance claim with State Farm after discovering significant damage to a foundational wall in his mother's basement, ultimately requiring the home to be "shored up" and the basement wall replaced. State Farm conducted an investigation and found that the wall had collapsed due to pressure from supersaturated soil pressing against it from outside the house. Water had been leaking into the surrounding soil from breaks in a drain pipe running parallel to the foundation wall, four-feet underground. The drain pipe carried rainwater collected from Cozza's roof-gutters, fed from three downspouts, to the main city sewer.

State Farm denied Cozza's insurance claim based on a subsurface water damage exclusion in her policy:

> We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events.

We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

. . . .

> c. Water Damage, meaning:
> . . . .
> (2) water or sewage from outside the residence premises plumbing system that enters through sewers or drains or water which enters into and overflows from within a sump pump, sump pump well or any other system designed to remove subsurface water which is drained from the foundation area; or
> (3) water below the surface of the ground, including water which exerts pressure on, or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool, or other structure.

Cozza filed a complaint in the Philadelphia Court of Common Pleas, alleging breach of contract and bad faith on the part of State Farm. State Farm removed the action to the District Court for the Eastern District of Pennsylvania on May 26, 2009 based on diversity jurisdiction, and moved for summary judgment on both claims. The District Court granted summary judgment in favor of State Farm, and Cozza timely appealed.

II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291. We review grants of summary judgment *de novo*, assessing the record "using the same summary judgment standard that guides the district courts." *Gardner v. State Farm Fire and Cas. Co.*, 544 F.3d 553, 557 (3d Cir. 2008).

Summary judgment is appropriate where there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. *G-I Holdings, Inc. v. Reliance Ins. Co.*, 586 F.3d 247, 253 (3d Cir. 2009).

Cozza advances two arguments in support of his claim that the District Court erred in denying his mother coverage: (1) State Farm's denial of her claim for coverage was improper because the subsurface water exclusion provision on which her claim was denied did not apply; and (2) because State Farm's denial of her claim breached a known duty, State Farm acted in bad faith.

## A. Subsurface Water Exclusion

Cozza argues that the District Court erred in determining that the subsurface water exclusion in the insurance policy precluded coverage of her claim. Both parties agree that we apply Pennsylvania law in this case. In claims for breach of contract to indemnify under an "all risks" policy, Pennsylvania places the initial burden on the insured to show that a loss within the policy's scope has occurred. *Wexler Knitting Mills v. Atl. Mut. Ins. Co.*, 555 A.2d 903, 905 (Pa. Super. Ct. 1989). The burden then shifts to the insurer to defend "by showing that the loss falls within a specific policy exclusion." *Id.*; *see also Madison Constr. Co. v. Harleysville Mut. Ins. Co.*, 735 A.2d 100, 106 (Pa. 1999).

Cozza argues that the exclusion does not apply because the water came from a burst pipe, and that under Pennsylvania law, water that escapes from a plumbing system

4

is not covered by the subsurface water exclusion. *Kozlowski v. Penn Mut. Ins. Co.*, 441 A.2d 388, 391 (Pa. Super. Ct. 1992). Instead, the exclusion covers water that comes from outside the insured's plumbing system. *Id.*

While Cozza is correct in her legal position that the exclusion does not cover water that escapes from a plumbing system, Cozza fails to provide a basis for her premise that the drain line from which the water escaped was part of her house's "plumbing system." "Plumbing system" is not defined in the policy. "Words of common usage in an insurance policy are to be construed in their natural, plain, and ordinary sense." *Madison Constr. Co.*, 735 A.2d at 108. The Concise Oxford English Dictionary defines "plumbing" to include "the system of pipes, tanks, and fittings required for the water supply, heating, and sanitation in a building." Concise Oxford English Dictionary 11th ed. Here, the ruptured pipe did not provide water, heat, or sanitation to Cozza's house. Instead, it was designed to keep rainwater outside the house. Thus, the pipe in question was not a part of her house's plumbing system. Accordingly, the water damage was caused by water covered by the subsurface water exclusion. The District Court did not err in dismissing her coverage claim.

## B. Bad Faith

Cozza argues that the District Court erred when it dismissed her claim that State Farm acted in bad faith when it denied her claim. Where the sole basis for a bad-faith claim is the denial of coverage, there can be no bad-faith claim if the insurer was correct

5

as a matter of law in denying coverage. *Frog, Switch & Mfg. Co., Inc. v. Travelers Ins. Co.*, 193 F.3d 742, 751 n.9 (3d Cir. 1999). Here, as State Farm did not err in denying Cozza's claim, the District Court did not err in dismissing her bad faith claim.

## III.

For the reasons stated above, we will affirm the order of the District Court.